Gaston, Judge,
 

 after stating the allegations contained the pleadings as above, proceeded as follows: The plaintiffs, in this case, are not pursuing the proceeds of the land sold by the trustee, and seeking the aid of a Court of Equity to secure their application to the trusts declared in the deed, but are demanding satisfaction, out of the estate of the trustee, for a breach of trust in the misapplication of those proceeds, The
 
 cestuy que trusts
 
 are creditors of the trustee, and of his estate, to the extent of the money so misapplied. In the view of a Court of Equity, all debts are of equal dignity — because all debts are equally due in conscience. But it is not so at law, and a Court of Equity, in decreeing by an executor or administrator, of a debt of his testator intestate, must respect the order of preference established law; for, otherwise, it might compel him, who is liable by reason of the assets in his hands, to pay the debt of the ,
 
 r ,
 
 , , 1 , , ceased out of his proper goods. It is a rule of the common 1 aw, that debts due'on bonds, covenants and other ments, under the seal of the party, shall be paid by an
 
 . . J 1 J
 
 tor or administrator, before debts due by simple contract, This rule has been so far modified by the acts of our 1 ature as to place debts due by “notes and bills, not
 
 *■
 
 v
 
 1
 
 seal, and signed accounts,” m the privileged class of specialties; and, with this modification, it is the settled law of the State. The question before us then, is, whether the claim asserted by this bill is to be regarded as a debt due by cialty?
 

 
 *238
 
 If Hoskins had joined in the execution of the .deed, and had expressly covenanted for the performance of the trusts therein declared, there can be no doubt ,but that the demand against his estate, because of misapplication of the proceeds which came to his hands from the sale of the land conveyed by the deed, would have been “ a debt by specialty,” within the meaning of this rule. ' This is settled by many adjudications. -- v. Casey, 2 Wm. Black. Rep.
 
 965
 
 — Plumer v.
 
 Marchant,
 
 3 Bur. Rep.
 
 1380
 
 — Benson v. Benson, 1 P. Wms. 130.
 
 Mavor
 
 v. Davenport, 2 Sim. 227 (2 Con. Eng. Ch. Rep. 395.) If he had but joined in the execution of the deed, without an express covenant for the faithful perforar anee of the trusts, we think the instrument, in its present form» would have sufficiently shewn a covenant on his part to do the several matters therein set forth as to be doné by him— namely, to sell the land, to execute titles, to apply the proceeds, in the first place, to the payment of Benbury’s debts, to hold the residue during the lives of Benbury and wife, and the life of the survivor, for the purposes declared; and, after, the death of the survivor, to pay them over to their children. An indenture is a mutual agreement between the parties thereto, solemnly testified by their seals, and speaking in the names of all of them. And, as a covenant is but an agreement under seal, by which one person engages with another that some act hath or hath not been done, or that some future act shall or shall not be done, any declaration in an indenture that one of the parties thereto is to do certain-things therein mentioned, is a declaration of his agreement to that effect, authenticated by his seal. But this instrument is not an indenture; for it does not purport to be sealed, nor is it sealed by the trustee. It is, therefore, the deed of Benbury alone — . a declaration by him to all mankind, informing them that he thereby conveys the land to Hoskins, for the purposes therein set forth. If Hoskins has made an agreement, or entered into an engagement with Benbury, in relation to the subject matter of that conveyance,
 
 he
 
 has not testified that agreement or engagement under his seal — and, therefore, it is not secured by
 
 his
 
 deed.
 

 It would seem thus to follow, that the debt asserted for the
 
 *239
 
 plaintiffs is not a debt by specialty — and, therefore, must be postponed to those which
 
 by
 
 law are included in that class. But, the counsel for the plaintiffs has contended that it is es. tablished by authority, that an action of covenant might be brought upon this deed against Hoskins or his representatives, because, by acceptance of the estate conveyed, he bound himself to the performance of the duties enjoined by the deed, as effectually as if, in the most formal manner, he had sealed and delivered the instrument as his deed. Nothing, certainly, can be more plainly just, than that a man who accepts a benefit, conferred upon any reasonable conditions, should not be permitted to enjoy the benefit and reject the conditions. His acceptance of a gift, thits qualified, is an assent to the qualifications of the gift, and he is bound
 
 by that assent.
 
 But it is not an assent testified by
 
 his deed;
 
 it is an assent testified by his act of acceptance; and the remedy for breach thereof . — if the conditions be of a nature which a court of law can notice — must be such as the law provides for breaches of agreement, or of duty consequent thereon, in cases of agreement not by deed. The
 
 dicta
 
 referred to in the argument have all been so thoroughly examined, and so fully explained in a late learned work, Platt on Covenants, 10 (1 Law» x _ . , ' i i • i /-« • , _i i Library, 5,) highly commended in 1 Chitty s Plead. 135, as to save us from the necessity of noticing them particularly. Thev are undoubtedly correct, to the extent of asserting the
 
 3
 
 . - . ■ obligation on a party taking under a deed, to do what in the deed is required of him — but they are incorrect in supposing that an action of covenant will lie against a party, who, without executing the deed, has availed himself of a benefit under it. If there be any cases in which this may be done, they are of a peculiar kind, and are special exceptions from the general rule.
 

 thunder <ked, is bound to do what in the q„f1?e(is0fe' but if the deed he not execut-fus^not'mi ' seal, and an
 
 Tovenant
 
 for a breach
 

 There can be but few cases of conveyances in trust, other than by deed. If the doctrine contended for by the plaintiffs were correct, a debt by specialty wduld arise in every instance of a breach of trust, in one taking under a deed. Nothing is clearer, upon authority, than that this position cannot be sustained. A breach of trust, generally speaking, creates- a debt by simple contract only.
 
 Gifford
 
 vs. Manly, Cas. temp.
 
 *240
 
 Talb.
 
 109
 
 — Vernon vs.
 
 Vawdry,
 
 2 Atk.
 
 119
 
 — Bartlett vs.
 
 Hodgson,
 
 1 Term Rep. 42, and
 
 Townsend
 
 vs.
 
 Windham,
 
 2 Ves. sen. 4, 7. We cannot, therefore, grant to the plaintiffs the full relief asked by the bill; but they are entitled to relief ^ ^ extent 0f the assets in the hands of the defendant, not covered by debts of superior dignity. It is obviously proper that a new trustee should be appointed, and the money secured to the trusts expressed in the deed — and we think it right that the costs of this suit should be paid out of the assets in the hands of the defendant, declared liable to the satisfaction of the claim of the plaintiffs.
 

 Per Curiam. Decree accordingly.